IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, | : | CIVIL ACTION NO. 1:14-CV-0260 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **THREE UNKNOWN NAMED APPEALS JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Frederick Banks, a federal inmate, has filed the instant petition for a writ of mandamus (Doc. 1) pursuant to 28 U.S.C. § 1361, seeking an order from this Court compelling the United States Court of Appeals for the Third Circuit to "adhere to their statutory mandate and expedite the decisions" in Court of Appeals cases 13-4594 and 14-1078. Banks alleges that "the Judges on the Court violated their duty owed by delaying disposition of [his] cases . . . " (Doc. 1, at 1.) He seeks to proceed *in forma pauperis*. (Docs. 2, 6). The motions to proceed *in forma pauperis* will be granted and the petition will be dismissed pursuant to the Court's inherent power to control its own dockets.[1] See, Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991) (finding that court's inherent power is not displaced by statutes); see also, U.S. v. Hudson, 7 Cranch (11 U.S.) 32, 34, 3 L.Ed. 259 (1812) (recognizing that courts

---

[1] The PLRA does not apply to true mandamus petitions. Madden v. Myers, 102 F.3d 74 (3d Cir. 1996)

are vested with certain inherent powers that are not conferred either by Article III or by statute, but rather are necessary to all other functions of courts).

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). Mandamus is "an established remedy to oblige *inferior* courts and magistrates to do that justice which they are in duty, and by virtue of their office, bound to do." Virginia v. Reyes, 100 U.S. 313, 323 (1879) (emphasis added). "The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' Roche v. Evaporated Milk Assn., 319 U.S. 21, 26, 63 S.Ct. 938, 941 (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy. De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945)." Will v. U.S. 389 U.S. 90, 95 (1967). Because this Court is without jurisdiction to issue a writ compelling the United States Court of Appeals to act, the petition will be dismissed.

Even if this court had jurisdiction, Banks would not be entitled to relief. Mandamus is a drastic measure "to be invoked only in extraordinary situations."

Stehney v. Perry, 101 F.3d 925, 935 (3d Cir. 1996) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, (1980)).  "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 705, 710 (2010) (*per curiam*) (quotation marks and punctuation omitted).  Banks cannot establish a clear and indisputable right to the issuance of a writ.  Nor can he demonstrate that the writ is appropriate under the circumstances.  The docket in Court of Appeals case 14-1078, indicates it was filed as an original proceeding in the form of a petition for a writ of mandamus.  The petition was denied on March 20, 2014, and the case was closed.  The docket in Court of Appeals case 13-4594, reveals that it is an ongoing criminal appeal filed on December 6, 2013.  Presently, the Court of appeals is awaiting Banks' appellate brief.  It is evident from the dockets that even if this court had authority over the Court of Appeals, which it does not, there simply is nothing to compel.

     Based on the foregoing, the petition will be dismissed.  An appropriate Order will issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:        April 22, 2014